UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PETTY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1718 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Movant Robert Petty brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. On March 9, 2007, I sentenced Petty to 92 months imprisonment following his plea of guilty to a one-count indictment charging him with possession with intent to distribute more than 5 grams of crack cocaine. Case. No. 4:06CR373 CDP. Petty filed a *pro se* Notice of Appeal on July 18, 2007, but the United States Court of Appeals for the Eighth Circuit dismissed the appeal as untimely. Case No. 07-2774. In 2008, I reduced Petty's sentence to 77 months because of the retroactive amendments to the sentencing guidelines for crack cocaine.

As his grounds for Section 2255 relief, Petty alleges that he received ineffective assistance of counsel. Petty claims that his criminal history category was incorrectly calculated in the presentence report (PSR), and that he informed his counsel that he wished to appeal, but counsel failed to file a timely appeal.

Because the record is unclear as to whether Petty asked his counsel to appeal, I will order the parties to supplement the record to address this factual dispute.

**Background**

On November 9, 2006, Petty pleaded guilty to an indictment charging him with one count of possession with the intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, both Petty and the government waived their rights to appeal the sentence so long as I followed their recommendations about the sentencing guidelines and sentenced the defendant within the guidelines range resulting from those recommendations. They recommended a total offense level of 23.

The PSR agreed that the total offense level was 23 and determined that Petty had seven prior convictions. Two of those were not assessed any points. Two convictions for illegal possession of cocaine were assessed three points each. Three points were also assessed for a conviction for interstate transportation of stolen property. Two points each were assessed for two driving convictions: one driving with a revoked license on August 14, 2001, and one driving with a suspended license on October 3, 2001. The subtotal criminal history score was thirteen, but then two points were added because Petty committed the offense while on supervised release, under U.S.S.G. § 4A1.1(d). One point was added because the offense was committed less than two years from his release from

imprisonment, under U.S.S.G. § 4A1.1(e). The total of the criminal history points was sixteen, establishing a criminal history category of VI. Petty's sentencing guidelines range based on offense level 23 and criminal history category VI was 92 to 115 months.

I sentenced Petty to 92 months imprisonment. At the sentencing hearing, I asked Petty whether he had discussed the PSR with his lawyer. Petty affirmed that he had done so. I asked if there were any objections that Petty wanted his lawyer to raise to the PSR, and Petty told me that there were none. Petty filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on October 9, 2007. In his motion, Petty alleges that his criminal history was incorrectly calculated; that, before sentencing, he informed his counsel of this incorrect calculation; and that he asked his counsel to file an appeal if the sentence was ultimately based on the incorrect criminal history calculation. Petty alleges that his attorney failed to file an appeal, and that, as a result, he received ineffective assistance of counsel.

**Discussion**

Petty asserts that his counsel was ineffective for failing to file a notice of appeal. The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Under *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007), the Eighth Circuit

held that, if an attorney disregards specific instructions from a defendant to file a notice of appeal, the defendant is denied ineffective assistance of counsel, regardless of the merits of his appeal. 493 F.3d at 964. This is true even if the defendant has waived his rights to appeal under a plea agreement. *Id*. Here, if Petty actually requested his attorney to file a notice of appeal, and if his attorney refused, Petty would be entitled to be resentenced so that he may timely appeal.

Before resentencing, however, I must determine, as a question of fact, whether Petty's allegations are true. Petty asserts in his motion that, before sentencing, "he advised his counsel that he wanted the criminal history category appealed" if the sentence was based on the allegedly incorrect criminal history calculation. At the sentencing hearing, however, Petty told me there were no objections to the Presentence Report, and I cannot tell whether he is now asserting that he asked his counsel to appeal after the sentencing. The government, in its response, provided an affidavit of Petty's attorney, Eric Butts. In that affidavit, Butts states that "[a]t no time did Mr. Petty ever indicate to me that he wanted to appeal the judgment and sentence that was entered in his case." Butts describes the conversations he had with Petty, and the circumstances surrounding the plea and sentencing. Petty did not reply to Butts' sworn statement. In *Watson*, because there was "no evidence in the record" to contradict the movant's assertion that he

requested an appeal, the court remanded the case to the district court so that it could hold a hearing to make determinations about the credibility of the movant.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotations and citations omitted). In other words, unless it is clear from the pleadings and the record that the prisoner is not entitled to relief, the statute makes a hearing mandatory. However, "there is a permissible intermediate step that may avoid the necessity for an expensive and time consuming evidentiary hearing in every 2255 case." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). In some circumstances, it may be appropriate for the district court to proceed by requiring that the record be expanded. *Id*.

Under Rule 7 of the Rules governing § 2255 proceedings, a judge "may direct the parties to expand the record by submitting additional materials relating to the motion." 28 U.S.C. § 2255, Rule 7(a). Under that Rule, I may ask the parties to file "documents, exhibits, and answers under oath to written interrogatories." 28 U.S.C. § 225, Rule 7(b). However, I must give the opposing party an opportunity to admit or deny the correctness of any such materials. 28 U.S.C. § 2255, Rule 7(c). The purpose of expanding the record under Rule 7 is to enable the judge to dispose of some habeas petitions not dismissed on the

pleadings without the time and expense required for an evidentiary hearing. *See* note to 28 U.S.C. § 2254, Rule 7. "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful." *Raines*, 423 F.2d at 530.

Two events occurred after the briefing of this motion that may be relevant. First, the *Watson* case was decided after Petty filed this motion and after the government filed its response, so neither party has briefed its applicability here. Additionally, after Petty filed this motion, his counsel Eric Butts (the same one he alleges was ineffective) filed a motion on Petty's behalf seeking a reduction in his sentence because of the amendments to the crack cocaine sentencing guidelines.

Because it is unclear from the record whether Petty actually asked his counsel to appeal, because it is not clear to me that an evidentiary hearing is necessary, and because neither party had an opportunity to discuss the *Watson* case in their earlier filings, I will order the parties to expand the record. Petty must respond to the affidavit provided by the government in its response to Petty's section 2255 motion. Petty must affirm or deny the factual allegations in that affidavit, and, if he denies the allegations of the affidavit, he must file his own sworn statement of the facts as he contends they occurred. The government will be given the opportunity to deny or affirm Petty's statement. After I receive these

statements, I will determine whether an evidentiary hearing will be necessary to determine the credibility of the allegations.

Accordingly,

**IT IS HEREBY ORDERED** that movant Robert Petty must respond, within thirty (30) days of this Order, to the sworn allegations in the affidavit of Eric Butts, attached to the government's response to his section 2255 motion. Movant must affirm or refute the truth of Mr. Butts' allegations. If movant disputes the facts as stated in Mr. Butt's affidavit, movant must provide a sworn, written statement of the facts as he believes them to be true. The government will then have fifteen (15) days to admit or deny the correctness of movant's statement.

**IT IS FURTHER ORDERED** that the clerk shall send movant Robert Petty a copy of this Order, and a copy of the affidavit of Eric Butts, which is attached to the government's response in this case.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2010.