UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PETTY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1718 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Movant Robert Petty brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Petty's sole ground for section 2255 relief is ineffective assistance of counsel for failure to file an appeal. He claims that his criminal history category was incorrectly calculated in the presentence report (PSR), and that he informed his counsel that he wished to appeal, but counsel failed to file a timely appeal.

Petty was sentenced to 92 months imprisonment following his plea of guilty to a one-count indictment charging him with possession with intent to distribute more than 5 grams of crack cocaine. Case. No. 4:06CR373 CDP. He filed a *pro se* Notice of Appeal which was dismissed as untimely by the United States Court of Appeals for the Eighth Circuit. Case No. 07-2774. While the §2255 motion was pending, the United States Sentencing Guidelines were amended and I

reduced Petty's sentence to 77 months under 18 U.S.C. § 3582(c)(2). Petty was represented by Eric Butts in seeking reduction of his sentence. Butts is the same counsel Petty alleges was ineffective in this motion.

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal citations and quotations omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)).

In response to this motion, the government submitted the sworn affidavit of attorney Butts stating that "[a]t no time did Mr. Petty ever indicate to me that he wanted to appeal the judgment and sentence that was entered in his case." Instead of scheduling a hearing after Petty failed to respond to Butts' affidavit, I issued an order on February 1, 2010 telling Petty to respond to the government's affidavit by admitting or denying the statements made by counsel Butts. In that order, I outlined the standard from *Strickland v. Washington*, 466 U.S. 668 (1984) and the provision of Rule 7 of the Rules governing § 2255 proceedings, which allows supplementation of the record. Because I was not sure whether Petty still contended that counsel had been ineffective, I believed it was appropriate to ask

him to provide a sworn response regarding the assertions in Butts' affidavit. Petty did not respond to my order.

An affidavit from counsel denying that a defendant asked him to file an appeal is not normally sufficient to avoid an evidentiary hearing. *Mitchell v. United States*, No. 4:09CV962, 2010 WL 2653455 (E.D. Mo. Apr. 13, 2010); *Moore v. United States*, No. 4:05CV1186, 2008 WL 4151800 (E.D. Mo. Sept. 2, 2008). However, in this instance, I believe no hearing is necessary because Petty failed to submit evidence supplementing the record and contradicting the sworn testimony of his former counsel. Further, after filing this motion Petty allowed Butts to represent him again and Petty received a reduction in his sentence. Given Petty's failure to respond to my order, given that he has received a reduction in sentence, and given that the statements in Butts' affidavit are entirely consistent with the statements Petty made to me at his plea and during sentencing, I believe the § 2255 motion should be denied without a hearing. The record now before me, which includes the now uncontradicted affidavit of counsel, shows that Butts' representation was not ineffective.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence [#1] is DENIED.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, because Petty has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2010.